IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 28, 2025 Session

## STATE OF TENNESSEE v. MICHAEL FLAMINI

**Appeal from the Criminal Court for Knox County**
**No. 120471   Steven W. Sword, Judge**

_____

**No. E2023-01292-CCA-R3-CD**

_____

TOM GREENHOLTZ, J., concurring in part.

I join the court's judgment affirming the convictions and agree with much of the reasoning in the lead opinion. I write separately, however, to express my respectful disagreement with how the lead opinion treats the trial court's error in admitting evidence that the Defendant did not contest the asset forfeiture order.

To be clear, I agree that the error, while properly preserved upon an objection to burden-shifting, does not warrant reversal. However, the analytical framework used to reach that conclusion matters—not just in this case but in future ones as well.

The lead opinion treats the error as an evidentiary misstep. I fear it is more serious than that. In response to the defense claim of inadequate investigation, the State introduced the forfeiture order to suggest that the Defendant himself failed to explain the source of the seized funds—and thereby invited the jury to view this silence as confirming his guilt. Yet the Constitution does not permit a defendant's failure to offer a pretrial explanation to be used for this purpose. When silence is used against an accused, especially when he or she has a right not to speak, the error transcends mere evidentiary bounds and strikes at the core of constitutional protections. *Cf. Wainwright v. Greenfield*, 474 U.S. 284, 295 (1986); *Brecht v. Abrahamson*, 507 U.S. 619, 628-29 (1993).

Because the error touches upon the exercise of a constitutional right, the proper inquiry is not whether the error was harmless under general evidentiary principles. Instead, the error requires review under the heightened standard set forth in *Chapman v. California*, 386 U.S. 18, 24 (1967), which demands proof beyond a reasonable doubt that the error did not contribute to the verdict. *See, e.g., State v. Smith*, 492 S.W.3d 224, 236 (Tenn. 2016)

(recognizing that errors that are "fundamental, immediately touching the constitutional rights of an accused" are subject to heightened harmless error analysis); *State v. Sullivan*, No. E2022-00962-CCA-R3-CD, 2024 WL 268794, at \*9, \*11 (Tenn. Crim. App. Jan. 24, 2024) (analyzing errors touching upon constitutional rights under a heightened harmless error standard despite also recognizing that the evidence was otherwise irrelevant), *perm. app. denied* (Tenn. June 20, 2024).

The State meets that burden here, as Judge Hixson carefully explains in his separate opinion. However, constitutional rights are not self-enforcing. They must be protected through our consistent application of the review standards designed to guarantee them.

For these reasons, I respectfully concur in part and concur in the judgment.

s/ **Tom Greenholtz**
TOM GREENHOLTZ, JUDGE

2